## SIMS et ux. v. HUMBLE OIL & REFINING CO. (No. 1494.)

(Court of Civil Appeals of Texas. El Paso. May 24, 1923. Rehearing Denied June 14, 1923.)

1. **Mines and minerals** ☞74, 97—**Contract for loan of well casing held not "mining partnership" nor assignment of interest in leasehold.**

A contract between assignee of part of an oil lease and an oil refining company, whereby the refining company was to loan to such assignee small casing to be placed in assignee's development well, in consideration of one-sixteenth of any production realized from the well, such casing to be returned if the well was dry, and the refining company to have a lien upon the large casing in the well to secure the performance of the contract, *held* not to create a "mining partnership," nor to constitute the refining company an assignee of any interest in the leasehold estate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mining Partnership.]

2. **Mines and minerals** ☞81—**Lien of lessor on well casing held superior to claim of one lending casing to lessee's assignee.**

Where contract giving lessor lien upon material placed by lessee in oil and gas development well was of record, it gave constructive notice to an oil refining company lending small casing for the well to the lessee's assignee, so that such casing became subject to the lessor's lien, and a lien upon the large casing of the well granted to the oil refining company by its contract with the lessee's assignee was subordinate to such lien of the lessor.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by R. F. Sims and wife against the Humble Oil & Refining Company and others. From judgment in part for the named de-

fendant, plaintiffs appeal. Affirmed in part, and reversed and remanded in part.

Grisham Bros., of Eastland, for appellants.

Jno. C. Townes, Jr., of Houston, and Scott W. Key, of Eastland, for appellee.

### Statement of the Case.

HIGGINS, J. For the purposes of this appeal the nature and result of this case may be stated as follows:

Sims and wife entered into a written contract with Robert E. Lee whereby the latter was granted the right to select 150 acres of land out of a 290-acre tract owned by Sims and wife for the purpose of developing same for oil and gas; Lee agreeing to begin drilling a test well on or before February 20, 1920, and drill the same to a depth of not less than 3,500 feet unless oil was found in paying quantities at a lesser depth. Immediately after Lee selected the 150 acres, Sims and wife were to give him an oil and gas lease thereon. After the well had been spudded in, Sims and wife were to have a lien on the rig and all material in the well except the drilling tools and machinery to secure them in the faithful performance of the contract. This contract was filed for record March 3, 1920, and in pursuance thereof Sims and wife, on February 19, 1920, gave a lease to Lee of the 150 acres selected by him. March 2, 1920, Lee assigned to the Burk-York Oil Company 50 acres of the oil lease. The oil company contracted with the National Drilling & Development Company whereby the latter undertook to drill a well on said 50 acres to a depth of 3,500 feet, the oil company agreeing to furnish all casing necessary in the well. On April 19, 1920, the Burk-York Oil Company entered into a written contract with the Humble Oil & Refining Company whereby the Humble Company agreed to loan to the oil company certain casing to be placed in the well (hereafter referred to as the small casing), in consideration of one sixteenth of any production realized or saved from the well. This contract stipulated that in case the well should prove to be nonproductive or a dry hole such casing should be returned to the Humble Company, and if the well did not produce in paying quantities the oil company was to pull said casing and return it to the Humble Company, and to guarantee the faithful performance of the contract the oil company gave to the Humble Company a lien upon certain casing then in the well, hereinafter called the large casing.

The present suit involves litigation between all of the parties above named, but upon the trial an agreed judgment was entered as to all of the issues and parties except the issues arising between Sims and wife and the Humble Company.

The well was drilled to a depth of about 2,900 feet and abandoned before production

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was obtained. The court rendered judgment in favor of Sims and wife as to all parties canceling the lease upon the land and in favor of the Humble Company for the title and possession of the small casing free of any lien or claim by Sims and wife; granted said company the right to enter upon the premises and pull the casing, and also gave the Humble Company a lien upon the large casing superior to any right of Sims and wife, for the purpose of reimbursing such company for the expense of pulling and removing the small casing.

### Conclusions of Law.

[1] 1. The court did not err in sustaining the demurrer of the Humble Company to the petition of Sims and wife for the recovery of damages for failure to complete the well. Sims and wife sought to recover such damages upon the theory that the Humble Company, by virtue of the contract between it and the Burk-York Oil Company became a partner in what constituted a mining partnership with Lee, Burk-York Oil Company, the drilling company, and upon the further theory that the obligation of Lee to develop the land in the original contract between himself and appellants was a covenant running with the land binding and obligatory upon his assignees, and that the Humble Company became an assignee by virtue of its contract with the Burk-York Oil Company. Both theories of the appellants are based upon the contention that the contract between the Humble Company and the oil company of itself imposed the liability indicated. Such contract did not of itself create a mining partnership because it was not an agreement between the parties to unite and co-operate in the development of the land, nor did said contract constitute the Humble Company an assignee of any interest in the leasehold estate. It mere-ly gave to the company an interest in the production, if any, of the well.

[2] 2. The court erred in that portion of its decree relating to the casing. At the time the loan contract was made between the Humble Company and the oil company, the original contract between the appellants and Lee was of record and the Humble Company had constructive notice thereof. Under that contract Sims and wife were given a lien upon all material placed in the well by Lee except drilling tools and machinery to secure appellants in the faithful performance of Lee's contract to develop the land. The Humble Company permitted this casing to be placed in the well with constructive knowledge of the terms of the original Sims-Lee contract, and the casing thus became subject to the lien granted by that contract. The agreement between the oil company and the Humble Company that the casing might be removed was inoperative and ineffective as to the appellants, and such right of removal was subordinate to the Sims-Lee original contract. For the same reason the lien upon the large casing granted by the contract between the oil company and the Humble Company was subordinate to the lien granted to the appellants by the original Sims-Lee contract.

This record is in such confused condition that this court cannot properly here render judgment upon the issues arising between the Sims and wife and the Humble Company. These issues, however, are severable from the issues arising between the other parties to this litigation. Accordingly, the judgment of the lower court upon the issues between Sims and wife and the Humble Company is reversed and remanded for further proceedings in accordance with this opinion. In all other respects the judgment of the court below is affirmed.

Affirmed in part; reversed and remanded in part.